In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-1673

MONDREA VINNING-EL,

*Plaintiff-Appellant,*

*v.*

SCOTT LONG, Correctional Officer,
DAVID REID, Correctional Officer,
and JOHN DOE, Sergeant and Lieutenant,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 03 C 514—**G. Patrick Murphy**, *Chief Judge.*

SUBMITTED JANUARY 17, 2007[Œ]—DECIDED MARCH 27, 2007

Before BAUER, RIPPLE and WOOD, *Circuit Judges.*

PER CURIAM. Illinois prisoner Mondrea Vinning-El brought this suit under 42 U.S.C. § 1983 claiming as relevant here that guards Scott Long and David Reid

---

[Œ] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

violated his Eighth Amendment rights by subjecting him to inhumane conditions of confinement in the disciplinary-segregation unit at Menard Correctional Center.[1] The district court granted summary judgment for the defendants based on their defense of qualified immunity, and Vinning-El appeals. We reverse the judgment and remand for further proceedings.

We recite the facts in the light most favorable to Vinning-El. After a fight with his cellmate on August 10, 2001, Vinning-El was stripped of his clothing and placed in a cell in the disciplinary-segregation unit. He was not permitted to take any personal property with him. The floor of the cell was covered with water, the sink and toilet did not work, and the walls were smeared with blood and feces. Vinning-El was forced to remain in the cell without a mattress, sheets, toilet paper, towels, shoes, soap, toothpaste, or any personal property, for six days. (Long and Reid contest the duration of his stay based on prison records that indicate Vinning-El was in the cell for three days only, but Vinning-El contends that those records are inaccurate.) Vinning-El alleges in his verified complaint that Long and Reid "perpetuated" the conditions.

On appeal Long and Reid now concede they were wrong to argue—and the district court was wrong to conclude—that reasonable prison guards could not have known in August 2001 that the conditions in the Menard segregation unit violated the Eighth Amendment. We agree

---

[1] Five other inmates initially joined as plaintiffs with Vinning-El, but the district court severed their claims. Vinning-El also included in his complaint additional claims against other prison employees, but the district court dismissed them at initial screening. *See* 28 U.S.C. § 1915A.

with their concession since it was clearly established well before 2001 that the conditions Vinning-El describes, if true, deprived him of the "minimal civilized measure of life's necessities." *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Any number of opinions overturning grants of summary judgment and remanding for trial on similar allegations confirm this proposition. *See, e.g., Johnson v. Pelker*, 891 F.2d 136, 139-40 (7th Cir. 1989) (prisoner held for three days in segregation cell allegedly smeared with human feces and having no running water); *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (prisoner held in cell that allegedly was filthy and smelled of human waste, lacked adequate heating, contained dirty bedding, and had "rusted out" toilets, no toilet paper, and black worms in the drinking water); *Isby v. Clark*, 100 F.3d 502, 505-06 (7th Cir. 1996) (prisoner held in segregation cell that allegedly was "filthy, with dried blood, feces, urine and food on the walls"); *see also Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) (explaining that prisons must provide "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities" (quotation marks and citation omitted)); *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (concluding that exposure to human waste, even for 36 hours, would constitute sufficiently serious deprivation to violate Eighth Amendment).

   Long and Reid argue, nevertheless, that we should uphold the grant of summary judgment because, in their view, Vinning-El failed to produce evidence that they were subjectively aware of the conditions in his cell. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that Eighth Amendment claim is established if plaintiff proves that defendant was deliberately indifferent to an objectively serious condition). The defendants made this same

argument in the district court, and we may affirm the judgment based on any ground found in the record. *Hull v. Stoughton Trailers, LLC*, 445 F.3d 949, 951 (7th Cir. 2006). Our review is de novo, and we construe all facts in the light most favorable to Vinning-El, drawing all reasonable inferences in his favor. *Gillis*, 468 F.3d at 492. We will affirm only if there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Gillis*, 468 F.3d at 492.

We start by noting that Vinning-El alleges that Long and Reid were responsible for the conditions in the segregation unit, and they have not denied being involved in his detention there. Instead, they press the narrower argument that Vinning-El never introduced evidence that they were aware of the specific condition in his cell. This argument, however, is unpersuasive. Deliberate indifference can be established by inference from circumstantial evidence, *Farmer*, 511 U.S. at 842, including evidence that the risk was "so obvious that a jury may reasonably infer actual knowledge on the part of the defendants," *Hall v. Bennett*, 379 F.3d 462, 464 (7th Cir. 2004). Given the conditions Vinning-El describes—a floor covered with water, a broken toilet, feces and blood smeared along the wall, and no mattress to sleep on—a reasonable jury could infer that prison guards working in the vicinity necessarily would have known about the condition of the segregation cells. *Cf. Isby*, 100 F.3d at 505-06 (noting that subjective component of Eighth Amendment claim "in all probability" would be satisfied, assuming that inmate's cell in fact had "dried blood, feces, urine and food on the walls," given guards' "closeness to the situation"). Thus, we conclude that Vinning-El presented enough evidence to raise a genuine issue of material fact as to whether Long and Reid were deliberately indifferent.

The judgment of the district court is reversed, and the case is remanded for further proceedings.

REVERSED and REMANDED

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*