NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2008[*]
Decided February 14, 2008

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1634

| | |
|---|---|
| BENYEHUDA WHITFIELD,<br> *Plaintiff-Appellant*,<br><br> *v.*<br><br> DONALD SNYDER, JR., et al.,<br> *Defendants-Appellees*. | Appeal from the United States District Court for the Central District of Illinois<br><br> No. 03-3014<br><br> Harold A. Baker,<br> *Judge*. |

**O R D E R**

Benyehuda Whitfield, a prisoner in the custody of the Illinois Department of Corrections (IDOC), filed an action under 42 U.S.C. § 1983 alleging that the defendants, all employees of IDOC, retaliated and conspired against him for exercising his First Amendment rights and subjected him to cruel and unusual conditions of confinement in violation of the Eighth Amendment. The district court

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

granted summary judgment in favor of the defendants on Whitfield's First Amendment claim, and a jury returned a verdict in favor of the defendants on his Eighth Amendment claim. Whitfield now appeals, and we affirm.

In September 2001 defendant Gordy Barrett, a prison industries supervisor, fired Whitfield from his job in the prison following complaints Whitfield made about Barrett to defendant Dan Crum, Barrett's supervisor. After being fired, Whitfield filed a grievance with the prison warden, claiming retaliation. Shortly before the grievance was denied, Whitfield's mother visited him in prison. Pursuant to prison regulations, officials searched her vehicle and found a bag with marijuana residue. She was then arrested.

Following his mother's arrest, Whitfield alleges he began discussing the issue with other inmates and protesting the search. And, throughout the next year, Whitfield received numerous disciplinary tickets from several of the defendants for disobeying orders, making threats, violating health and safety rules, and being insolent. Among his punishments was being placed in segregated cells, including a cell for inmates who smoke. Another of the segregated cells, Whitfield alleges, had urine and feces on the wall, and was too cold. Whitfield filed grievances over these disciplinary actions with various prison officials, also defendants in this case, all of which were denied.

In January 2003 Whitfield sued the defendants under 42 U.S.C. § 1983, claiming that he was fired from his prison job in retaliation for his complaints, disciplined in retaliation for discussing with other prisoners a potential lawsuit over his mother's arrest, and placed in a cold, dirty cell in violation of the Eighth Amendment. The district court denied two motions for recruitment of counsel and proceeded with discovery. During discovery Whitfield filed numerous motions to compel, almost all of which were granted in significant part and complied with by the defendants. After nearly two years of discovery, the court then set a deadline for Whitfield's response to the defendants' motion for summary judgment. The court also sent Whitfield a notice warning him of the consequences of not responding to the motion, yet Whitfield never responded. Thus, in March 2005 the court granted summary judgment for the defendants on Whitfield's retaliation claims, but denied summary judgment on his Eighth Amendment claim. Two weeks later Whitfield filed a motion for reconsideration, but the district court denied it, noting that rather than respond to the defendants' motion for summary judgment, Whitfield had continually filed motions for reconsideration of the court's discovery orders.

At trial on the Eighth Amendment claim, the remaining IDOC defendants offered evidence that Whitfield had received a blanket and that there had been no malfunction of the heating system, which automatically opens its valves when the

temperature drops below 70 degrees. They also testified that all cells in the segregation unit are cleaned and inspected before any new inmate moves in, that Whitfield never complained about the conditions in his cell, and that none of the doctors, nurses, or other officials who examined Whitfield in his cell noticed any urine or feces. In response Whitfield testified that there had in fact been urine and feces throughout the cell and that he failed to complain because he had been told that he would not be in the cell for very long.

On February 15, 2006, the jury returned a verdict in favor of the remaining defendants. Whitfield then moved for a new trial on the ground that his trial was unfair because he was not represented by an attorney. The district court denied the motion, noting that Whitfield appeared competent to proceed pro se at all times during the litigation and trial. Whitfield now appeals the district court's summary judgment on his retaliation claims and denial of his motions for counsel.

We first address Whitfield's § 1983 retaliation claims. We review the district court's grant of summary judgment on Whitfield's retaliation claims de novo. *See Jackson v. Frank*, 509 F.3d 389, 391 (7th Cir. 2007). And we must construe all facts in the light most favorable to Whitfield, drawing all reasonable inferences in his favor. *See Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007). We will affirm only if there is no genuine issue of material fact. FED. R. CIV. P. 56(c); *see Vinning-El*, 482 F.3d at 924.

Our obligation to construe the facts in Whitfield's favor, however, does not diminish his responsibility to present those facts as dictated by the federal rules and by the district court's local rules. *See* FED. R. CIV. P. 56(e); C.D. ILL. 7.1(D)(2); *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002). In this case, the district court held that Whitfield's repeated failure to respond to the defendants' summary judgment motion constituted an admission of the defendants' material facts. *See* FED. R. CIV. P. 56(e); C.D. ILL. 7.1(D)(2); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Whitfield argues that the court abused its discretion in doing so, yet he missed the deadline to file his response after being warned multiple times of this possible consequence when the court set the deadline for his response. Further, Whitfield had over a year to prepare for the case and had received a significant amount of discovery to enable him to respond. The district court had ruled on all pending motions to compel, and there simply was no reason Whitfield could not have responded to the motion for summary judgment. Although district courts may liberally construe the federal and local rules for pro se litigants, even pro se litigants are obligated to follow those rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Metro. Life Ins. Co.*, 297 F.3d at 562. The district court here gave Whitfield every opportunity to comply with the rules, and it did not abuse its discretion in construing Whitfield's failure to respond as an admission of the defendants' material facts.

Moving to the merits of Whitfield's retaliation claims, summary judgment was properly granted. Prisoners are entitled to avail themselves of the grievance process without fear of recrimination. *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005). And if prison officials retaliate, they violate the inmate's First Amendment rights. *Id.* To prove that the defendants violated the First Amendment, Whitfield argues that he made the necessary showing to survive summary judgment—that his protected conduct was a substantial or motivating factor in the defendants' discipline of him. Yet both defendants Barrett and Crum were entitled to summary judgment because Whitfield's job-related complaints involved matters of personal, rather than public, concern and thus were not protected speech. *See McElroy v. Lopac*, 403 F.3d 855, 858-59 (7th Cir. 2005) (noting constitutionally protected activity must relate to a public concern). And, as for the remaining defendants, he only speculates that retaliation was a motivating factor in his discipline. Whitfield admits that most of the defendants weren't aware of his intended lawsuit or other grievances, and simply assumes that his discipline must have been the result of his protected conduct. He also admits to committing the misconduct giving rise to his discipline on several of the counts. *See Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005) (retaliation claim fails where prisoner is punished for lying or committing the underlying misconduct). There was no evidence in the record, other than his speculation, tying Whitfield's discipline to his protected conduct. As such, the district court's grant of summary judgment for the defendants on Whitfield's retaliation claims is affirmed.

We next review Whitfield's claim that the district court erred in refusing to recruit counsel for him. We review for abuse of discretion a district court's denial of an indigent prisoner's 28 U.S.C. § 1915(e)(1) motion for pro bono counsel. *Pruitt v. Mote*, 503 F.3d 647, 658 (7th Cir. 2007). In reviewing the denial, we determine whether the district court made two essential inquiries: (1) whether plaintiff made reasonable efforts to obtain counsel or was effectively precluded from doing so and, if so, (2) given the difficulty of the case, whether plaintiff appeared competent to litigate the case himself. *Id.* at 654-55. If a district court's denial of the motion amounts to an abuse of discretion, we will reverse only upon a showing of prejudice. *Id.* at 659. An erroneous denial of a § 1915(e)(1) motion will be deemed prejudicial where "there is a *reasonable likelihood* that the presence of counsel would have made a difference in the outcome of the litigation." *Id.* (emphasis in original).

Here, the district court did not have the benefit of our decision in *Pruitt* and unfortunately applied an incomplete legal standard in denying Whitfield's motions. Neither order denying the motions mentions Whitfield's competence to litigate the case. Instead, they focus on whether the legal issues were so complex to make an attorney necessary. The district court's failure to undertake the requisite two-part inquiry is itself an abuse of discretion. *Cf. Pruitt*, 503 F.3d at 660. However,

Whitfield was not prejudiced by the district court's error because counsel would not have strengthened his case in a manner reasonably likely to alter the outcome.

In stark contrast with *Pruitt*, Whitfield possessed a literate command both of language and the law, appeared competent to proceed pro se at all times during the litigation, and presented his case cogently. His court filings, for instance, were organized, well-written, and cited appropriate case law. And he listed his eleven claims and outlined his discovery requests in great detail. Whitfield's performance at trial also demonstrated his competence. He proved capable of testifying on his own behalf, examining witnesses, and making opening and closing arguments that throughly discussed the relevant facts and issues to be decided. Put simply, Whitfield lost his case because of the inherent weakness of his claims rather than incompetent litigation. *Cf. Pruitt*, 503 F.3d at 661. Thus, although the district court abused its discretion in applying an incomplete legal standard to Whitfield's motions for counsel, the denial of those motions did not prejudice his case.

Whitfield lists other issues for review on an index page of his appellate brief, but we decline to review them because he did not develop or argue them in his brief. Accordingly, the judgment of the district court is AFFIRMED.