NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 11, 2008[*]
Decided December 16, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-1898

ANTHONY WHEELER,
    *Plaintiff-Appellant*,

    *v.*

ROGER WALKER, et al.,
    *Defendants-Appellees*.

Appeal from the United States District
Court for the Northern District of Illinois,
Eastern Division.

No. 08 C 1637

Charles P. Kocoras,
*Judge*.

## O R D E R

Illinois inmate Anthony Wheeler was transferred from a medium-security unit in Pinckneyville Prison to a maximum-security unit at Stateville Prison. He filed a complaint under 42 U.S.C. § 1983 claiming that the prison staff responsible for the cell during his first two weeks at Stateville violated the Eighth Amendment by deliberately ignoring the

---

[*]The Appellees were not served with process in the district court and did not file a brief or otherwise participate in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the brief and the record. *See* FED. R. APP. P. 34(a)(2).

inhumane conditions of his incarceration and his medical needs. He also alleged that he was transferred without due process in violation of the Fourteenth Amendment. The district court dismissed the complaint under 28 U.S.C. § 1915(e)(2) because Wheeler did not allege facts on which relief could be granted. Wheeler appealed, and we affirm in part and vacate and remand in part.

Wheeler's complaint alleged the following facts. For the two weeks Wheeler was confined in the maximum-security unit at Stateville, he had only a thin blanket to protect him from the frigid air that entered his unheated cell through a window with broken latches. Roaches crawled over him while he tried to sleep on a badly torn mattress; urine and waste "encrusted" the sink and toilet; and trash, dirt, and debris covered the floors, walls, and sink. The stench of his and his cellmate's waste wafted from a malfunctioning toilet for intervals of up to five hours. Wheeler suffered from sleep deprivation and flu-like symptoms, including chronic coughing, sneezing, and a runny nose, all of which he attributed to his cell conditions. The prison staff, however, ignored Wheeler's requests for medical attention, extra blankets, cleaning supplies, maintenance for the broken window, and extermination of the roach infestation.

The district court dismissed the complaint for failure to state a claim. First, the court concluded that Wheeler's challenge to his transfer to Stateville failed because a prisoner does not have a liberty interest in avoiding a transfer to a new prison or a more restrictive prison. Next, the court concluded that Wheeler did not state an Eighth Amendment claim regarding his conditions of confinement because his deprivations—spending two weeks in an unheated cell with a malfunctioning toilet—though "disagreeable," were neither "severe" nor "protracted," and he was provided with basic needs like adequate food, clothing, shelter, protection, and medical care.

We review de novo the dismissal of a complaint for failure to state a claim. *Vill. of DePue, Ill., v. Exxon Mobil Corp.*, 537 F.3d 775, 782 (7th Cir. 2008). Wheeler's complaint need only describe conduct that, after we draw all possible inferences in his favor, plausibly suggests that the defendants violated his constitutional rights. *See* FED R. CIV. P. 8(a)(2), *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). He need not provide any proof to substantiate his allegations; he need only provide enough detail "to illuminate the nature of the claim and allow the defendants to respond." *George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2008). But he can plead himself out of court be alleging facts that undermine his claims. *See Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999).

On appeal, Wheeler first claims that the district court misapprehends the Fourteenth Amendment, which prevents a transfer to a maximum-security unit unless the prisoner receives a hearing or notice that he has broken a prison rule. But a prison's decision to

transfer an inmate to more restrictive confinement does not implicate a liberty interest protected by due process unless the transfer is for an "indefinite" period and affects the prisoner's parole eligibility. *See Townsend v. Fuchs*, 522 F.3d 765, 772 (7th Cir. 2008). By alleging that he was confined in the maximum security for only two weeks, a fixed period, Wheeler has shown that the transfer is not of indefinite duration and thus he has pleaded himself out of court. *See Vincent v. City Colls. of Chicago*, 485 F.3d 919, 924 (7th Cir. 2007).

Wheeler next argues that the district court wrongly concluded that the cell conditions he described in his complaint could not violate the Eighth Amendment. To plead an Eighth Amendment claim, Wheeler need allege only that prison officials deliberately ignored conditions of confinement that failed to meet contemporary requirements of minimal decency. *Townsend*, 522 F.3d at 773; *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). Minimal decency requires the prison to provide reasonably adequate sanitation and protection from the cold. *See Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006); *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997).

Wheeler's Eighth Amendment allegations concerning conditions of confinement state a claim. He alleges that for two weeks prison guards, without explanation, ignored his requests for basic cleaning supplies while he was exposed to a combination of a heavy roach-infestation, filth, and human waste. *See Vinning-El v. Long*, 482 F.3d 923, 923-25 (7th Cir. 2007) (reversing summary judgment when a prisoner was deprived of basic sanitation items and a mattress while he was incarcerated for six days in a cell in which blood and feces smeared the walls, water covered the floor, and the sink and toilet did not work); *Johnson v. Pelker*, 891 F.2d 136, 139-40 (7th Cir. 1989) (reversing summary judgment when a prisoner's requests for cleaning supplies were denied while he was incarcerated for three days in a cell that was smeared with human defecation and was without running water). Indeed another court has expressed specific concern about exposure to human waste for periods as short as 36 hours. *See Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) ("Exposure to human waste, like few other conditions of confinement, evokes both the health concerns emphasized in *Farmer* [*v. Brennan*, 511 U.S. 825 (1994),] and the more general standards of dignity embodied in the Eighth Amendment."). Further, as for the cold temperatures, Wheeler alleges that for two weeks the prison staff disregarded his requests to provide anything more than a thin blanket while his unheated cell was exposed to the frigid November air. *See, e.g.*, *Antonelli v. Sheahan*, 81 F.3d 1422, 1429, 1433 (7th Cir. 1996) (holding that complaint alleging that prison officials deliberately failed to provide blankets in "extremely cold indoor air" stated an Eighth Amendment claim); *Murphy v. Walker*, 51 F.3d 714, 720-21 (7th Cir. 1995) (holding that complaint alleging that prisoner spent week and a half in cell without adequate heat, clothing, or bedding stated Eighth Amendment claim).

The district court, however, properly dismissed Wheeler's claims relating to the prison's deliberate indifference toward his medical needs.  Lay prison officials violate the Eighth Amendment if they deliberately ignore a patently serious medical need.  *Johnson v. Snyder*, 444 F.3d 579, 584-85 (7th Cir. 2006); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001).  The symptoms that Wheeler describes—two weeks of coughing, sneezing, and a runny nose—resemble a common cold, an illness that we have said does not raise a serious medical need.  *See, e.g., Guitierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997).

Accordingly, we VACATE and REMAND the district court's ruling on Wheeler's claims that he was subjected to unconstitutional conditions of confinement and AFFIRM its ruling on his claims that prison officials deliberately ignored his medical needs and transferred him without due process.