**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 29, 2020*
Decided May 11, 2020

*Before*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-1066

| | |
|---|---|
| ISRAEL COBIAN, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 14-1218-SEM-TSH |
| CHRISTOPHER MCLAUGHLIN, *et al.,* *Defendants-Appellees.* | Sue E. Myerscough, *Judge.* |

**O R D E R**

Israel Cobian, an Illinois inmate, sued prison officials for violating the Eighth Amendment by leaving him in a cell that, after a full cleansing, contained remnants of another inmate's feces. *See* 42 U.S.C. § 1983. The district court entered summary judgment for defendants. Because the conditions in Cobian's nearly clean cell did not pose a known, excessive risk to his health and safety, we affirm.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

According to Cobian, in whose favor we construe the evidence and draw all reasonable inferences, s*ee Bridges v. Dart*, 950 F.3d 476, 478 (7th Cir. 2020), the trouble began after he was sentenced to time in segregation for a disciplinary violation. Cobian was placed in a cell in which the prior occupant had "splashed" his feces. Another inmate hosed down the cell before Cobian arrived, but Cobian found that some human waste remained on the window and screen, cell door, floor near his bed, and port through which he received food.

After Cobian notified prison staff about the cell's condition, he received cleaning supplies—bleach, disinfectant, rags, and gloves. With them, he cleaned up all the feces except for remnants stuck in two areas: an enclosed section of plexiglass on the cell door (above the food port, which he fully cleaned) and behind the window screen near the foot of his bed. Because the window was broken, wind blew dry fecal matter onto Cobian's feet at night, which he had to wash off in his sink in the mornings.

Cobian continued to complain about the remaining waste to no avail. The prison denied his requests to be moved, and he remained in the cell for two months, prompting this suit. The district court initially construed his complaint as alleging only a First Amendment claim of retaliation, which he lost on summary judgment. That judgment led to an appeal and our remand of the case for the district court to consider Cobian's claim that the defendants had violated the Eighth Amendment by placing and keeping him in the cell. *See Cobian v. McLaughlin*, 717 F. App'x 605 (7th Cir. 2017).

On remand, two procedural clashes unfolded. The first involved discovery: Cobian moved to compel discovery and for sanctions after the defendants objected on security grounds to Cobian's inquiries about when and how they move inmates in segregation, the discipline of the prior occupant of his cell, and the names of inmates in segregation. The district court accepted the defendants' responses and denied Cobian's motions. Second, Cobian twice asked the court to recruit counsel for him, contending that he could not navigate discovery on his own. But the court denied these requests as well, concluding that Cobian had demonstrated competence to litigate the case.

The district court later entered summary judgment for defendants. It reasoned that Cobian was able to clean most of the cell on the day of his transfer and that the remnants of feces that remained behind the window and on the plexiglass did not harm him, so he had not suffered an Eighth Amendment violation.

On appeal, Cobian argues generally that the district court erred by denying him a trial on his conditions-of-confinement claim. To stave off summary judgment, Cobian needed to produce evidence that could satisfy both an objective and subjective element. *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017). First, he needed to make an objective showing that the conditions of his segregation cell denied him "'the minimal civilized measure of life's necessities' … creating an excessive risk to [his] health and safety." *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Second, he needed to make a subjective showing that the defendants knew of, and were deliberately indifferent to, that risk. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Cobian has not presented sufficient evidence of either component of his claim. He contends that the residual fecal matter on the door and behind the window screen satisfy the objective prong because it posed an excessive risk to his health. Exposure to human feces may violate the Eighth Amendment where no cleaning supplies and water are made available to manage the problem. *See, e.g.*, *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989). But it is uncontested that the cell was hosed down before Cobian arrived and, after he complained about the remaining waste, prison officials gave him cleaning supplies the same day, which he used with running water to clean the cell. Although he could not eradicate remnants in the encased area above the food slot (which was clean) and behind the window screen, no evidence suggests that this unwanted residue severely endangered him or that the defendants knew of such a danger. *See Isby*, 856 F.3d at 521–23.

Cobian responds that the district court's denial of his discovery motions made it impossible for him to produce evidence sufficient to survive summary judgment. District courts have broad discretion to manage discovery, and we will reverse only if an abuse of discretion prejudiced Cobian. *See Stevo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011). Cobian urges that the documents he sought would have revealed the identity of the jail official who placed him in the soiled cell. But his claim does not fail because he sued the wrong defendants; it fails because the cell's conditions did not violate the Constitution. Cobian also argues that he needed testimony from the inmate who soiled the cell and the other inmates in segregation at the time to prove that the cell was unsanitary. But we have accepted his position that the cell was covered in feces before he arrived and that, after hosing it down, some waste remained. The problem for Cobian is that as soon as the prison's staff learned of the residual waste, they gave him the means to clean it. More discovery, therefore, would not have helped him prove his claim that defendants were deliberately indifferent to his health.

Next Cobian contends that the district court abused its discretion by denying his motions for counsel. He argues that, as an incarcerated litigant, he was in "no position to properly investigate" facts critical to his case. But the test for recruitment of counsel is not whether a lawyer could more effectively handle the case; it is whether Cobian appeared competent to litigate his claims. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc). Here the district court reasonably found that Cobian appeared competent: he had served coherent discovery, filed cogent pleadings, and successfully litigated an earlier appeal of this case pro se. His incarcerated status may have made litigating more difficult, but that is a factor faced by all inmates and does not by itself justify recruiting counsel. *See Bracey v. Grondin*, 712 F.3d 1012, 1018 (7th Cir. 2013).

Finally, Cobian argues that Judge Myerscough was biased against him and should be removed from the case. Although he did not raise his recusal request in the district court, we may still review this issue. *See Fowler v. Butts*, 829 F.3d 788, 794–95 (7th Cir. 2016). A judge must recuse herself when she has a personal bias concerning a party, or when her impartiality might reasonably be questioned. 28 U.S.C. § 455. Cobian insists that Judge Myerscough's denials of his discovery motions and motions for counsel prove that she was biased against him. But a judge's adverse rulings alone do not establish bias or partiality. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Matter of Huntington Commons Assocs.*, 21 F.3d 157, 158 (7th Cir. 1994). And a reasonable person would not find that the rulings here reveal "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

AFFIRMED